# Weir & Creig
## v.
## William M. Dustin.

*Attachment—Fraudulent Conveyances—Assignment.*

A conveyance by a debtor in failing circumstances, who does not desire to make a general assignment, made in good faith in satisfaction of a particular indebtedness, is not fraudulent as against other creditors.

[Opinion filed May 25, 1888.]

Appeal from the Circuit Court of Logan County; the Hon. G. W. Herdman, Judge, presiding.

Messrs. Franklin P. Simmons and S. L. Wallace, for appellants.

Messrs. Blinn & Hoblit and Beach & Hondett, for appellee.

To sustain an attachment on the ground that the debtor is about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors, a fraudulent intent must be proved. Shove v. Farwell, 9 Ill. App. 256; Drake on Attachments, Sec. 74, p. 52; McPike & Fox v. Attwell, 34 Kan. 142; Milliken v. Dart, 26 Hun, 24; Dunn v. Jackson, 59 Ala. 203.

A debtor, who is also a member of a firm, may convey his individual property to pay or secure firm debts, and his individual creditors can not complain. McIntyre v. Yates et al. 104 Ill. 491; Ladd v. Griswold, 4 Gilm. 25; Hapgood v. Cornwell, 48 Ill. 64; Williams v. Adams, 16 Ill. App. 564; Bump on Fraudulent Conveyances, 383; Kirby v. Schoonmaker, 3 Barb. Ch. 47; Lindley on Part. 624.

Conger, P. J. This was a suit in attachment brought by appellants against appellee. The affidavit upon which the

writ was predicated charged appellee with the fourth, fifth, sixth, seventh and eighth grounds mentioned in section one of the attachment act. Upon the trial the issue upon the indebtedness was found for appellants, and judgment was rendered in their favor for $1,663.40.

A plea was filed denying all of the alleged grounds for issuing an attachment, and upon the issue formed thereon appellants were unsuccessful.

In January, 1886, appellee formed a partnership with Charles A. Nicholson, and his son, William L. Dustin, to carry on the banking business in Lincoln, Illinois, under the firm name of William M. Dustin & Company.

In July, 1886, appellee, as an individual, guaranteed to appellants certain purchases to be made of them by a beef company, in Montana, by which the indebtedness was created for which this suit was brought, and about which no question is made in the record.

About October 2, 1886, the banking firm of William M. Dustin & Co. failed, and on November 8, 1886, made an assignment, under the assignment laws of this State, to Aaron B. Nicholson.

On the 15th of November, 1886, appellee executed a deed by which, for the expressed consideration of $5,000, he conveyed "to said Aaron B. Nicholson, assignee of William M. Dustin & Co., insolvent debtors, for the use and benefit of all the depositors of William M. Dustin & Co., the following described real estate, to-wit: (describing three lots) intending hereby to vest in the said Aaron B. Nicholson, assignee, the same title in and to said real estate that he has in the estate of said William M. Dustin & Co., for the sole use and benefit of their depositors, situated in the county of Logan."

There can be no question, from the evidence, that appellee was indebted to the firm of William M. Dustin & Co., and that the conveyance was made in good faith on the part of appellee to secure the partnership creditors, or rather the depositors in the bank. That there was no fraud, in fact, intended or accomplished, we think the jury would be fully warranted, from the evidence, in finding.

It is insisted, however, that the conveyance of November 15, 1886, was fraudulent in law, as being in violation of the general assignment law of this State; that it was in reality attempting to make an assignment, and at the same time preferring creditors.

We can not assent to this proposition. The deed was not a voluntary assignment for the benefit of creditors generally, but it was a conveyance of specific tracts of land to Nicholson for the benefit of specified creditors, to wit, the depositors in the bank of William M. Dustin & Co. This he clearly had the right to do, as we said in the case of E. D. C. Haines v. James E. Chandler et al., 26 Ill. App. 400 : "The act concerning voluntary assignment does not oblige an insolvent debtor to make a general assignment in conformity with its provisions in order to appropriate his estate, or any specific portion of it, to the payment of a particular debt, nor prevent his preference of a particular creditor, by any means that were previously lawful, excepting only a general assignment for the benefit of creditors. He may confess a judgment, execute a mortgage, legal or equitable, or turn out all or any of the specific property at an agreed valuation, if done in good faith for the satisfaction of one debt, though others should be thereby left unprovided for."

In Schroeder v. Walsh, 120 Ill. 411, it is said: "In the absence of any bankrupt law or statute to the contrary, the law is well settled that a debtor in failing circumstances, not seeking the benefit of the general assignment law, may prefer one creditor to another equally meritorious, if done in good faith."

Appellee, by making this deed, was not seeking the benefit of the general assignment law; no attempt was made to conform to its requirements, but a direct conveyance of specific property for the benefit of specific creditors was made. Nicholson being the assignee of the insolvent bank, there would seem to be the utmost propriety in conveying the property directly to him. No trust, secret or otherwise, was reserved for the benefit of the grantor, and we can see no reason for holding the conveyance invalid.

There being no fraud in law in executing this conveyance, it is unnecessary to notice the other question discussed at length by counsel, *i. e.*, whether a transaction which is done in good faith by a failing debtor, without any fraudulent intent upon his part, but which the law may deem fraudulent, will authorize an attachment.

As we hold the deed was not fraudulent, nor void in law, and the evidence fully justified the jury in finding that no fraudulent intent existed in executing it, it is unnecessary to discuss this question further.

The instructions of the court below were in accordance with the views herein expressed, and it is therefore unnecessary to notice the objections to them in detail.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*